# United States District Court
# Central District of California

| | |
|---|---|
| JUAN REAL, on behalf of himself and the general public,<br><br>    Plaintiff,<br><br>    v.<br><br>ST. JUDE MEDICAL, CARDIOLOGY DIVISION, INC.; ST. JUDE MEDICAL, INC.; VOLT MANAGEMENT CORP.; and DOES 1–50, inclusive,<br><br>    Defendants. | Case № 2:17-cv-01460-ODW (ASx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [18]** |

## I.   INTRODUCTION

This is a wage-and-hour lawsuit brought under the Labor Code Private Attorneys General Act, Cal. Labor Code § 2699. Defendant St. Jude Medical, Cardiology Division, Inc. employed Plaintiff Juan Real between 2002 and 2016, during which his job duties included assembling medical devices. (Compl. ¶ 13, ECF No. 1.) Plaintiff was generally scheduled to work from 7:00 a.m. to 3:30 p.m. each day for five days per week. (*Id.* ¶ 14.) Plaintiff alleges that he nevertheless "routinely" worked 10 hours or more each day for six days per week. (*Id.* ¶¶ 15–16.) After Plaintiff filed this action in state court, Defendant removed it to federal court based on diversity jurisdiction. (ECF No. 1.) Plaintiff subsequently moved to remand

the case, arguing that the statutory penalties he seeks do not exceed $75,000. (ECF No. 18.) The Court agrees, and therefore **GRANTS** Plaintiff's Motion.[1]

## II. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, *id.* § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, *id.* § 1332(a). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

## III. DISCUSSION

The following chart illustrates the penalties and unpaid wages that each party asserts Plaintiff is entitled to if he proves his case, as well as the Court's final calculation. The Court assumes, without deciding, that the undisputed penalties are fully recoverable.

/ / /

/ / /

---

[1] After considering the papers submitted by the parties, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

| Labor Code Section | Defendant's Calculation | Plaintiff's Calculation | Court's Calculation |
|---|---|---|---|
| *Undisputed* | | | |
| 201 – 203 (timely payment of final wages) | $100.00 | $100.00 | $100.00 |
| 212 (instruments issued in payment) | $6,300.00 | $6,300.00 | $6,300.00 |
| 226.7 (rest periods) | $6,300.00 | $6,300.00 | $6,300.00 |
| 226.7 (meal periods) | $6,300.00 | $6,300.00 | $6,300.00 |
| 558 (penalty) | $3,150.00 | $3,150.00 | $3,150.00 |
| 1197.1 (minimum wage) | $7,850.00 | $7,850.00 | $7,850.00 |
| *Disputed* [2] | | | |
| 558 (unpaid overtime) | $44,632.00 | $13,440.00 | $13,440.00 |
| 558 (unpaid premium pay) | $17,851.20 | $4,480.00 | $5,376.00 |
| 256 (waiting time penalty – seasonal labor) | $4,620.00 | $0.00 | $0.00 |
| 226.3 (inaccurate wage statements) | $31,250.00 | $6,300.00 | $6,300.00 |
| 1194 (unpaid straight time) | $6,300.00 | $0 | $0 |
| 1198 (unpaid straight time) | $6,300.00 | $0 | $0 |
| 210 (failure to pay wages) | $9,760.00 | $6,560.00 | $6,560.00 |
| 225.5 (unlawful withholding of wages) | $9,760.00 | $6,560.00 | $6,560.00 |
| **Subtotal** | **$160,473.20** | **$67,340.00**[3] | **$68,236.00** |
| Attorney's Fees | $2,640.00 | $2,640.00 | $2,640.00 |
| **TOTAL** | | | **$70,876.00** |

---

[2] Plaintiff advances several new arguments in his reply brief as to why the amount in controversy does not exceed $75,000. The Court does not consider any of those arguments. *See, e.g., FT Travel--N.Y., LLC v. Your Travel Ctr., Inc.*, 112 F. Supp. 3d 1063, 1079 (C.D. Cal. 2015).

[3] Plaintiff also argues that because he is entitled to keep only 25% of the penalties he recovers, Cal. Labor Code § 2699(i), the Court should only consider that 25% in determining the amount in controversy. Given the Court's conclusion, however, the Court need not reach that argument.

The Court addresses each disputed item in turn.

### A. Labor Code Section 558

Defendant contends that Plaintiff is potentially entitled to $62,483 ($44,632.00 + $17,851.20) in unpaid wages under section 558.[4] Defendant bases its calculation on the allegations in Plaintiff's complaint, wherein he requests unpaid wages for the three years preceding October 26, 2016. (Compl. ¶ 11.) Plaintiff now appears to concede that he is entitled to unpaid wages for only *one* year preceding October 26, 2016,[5] because unpaid wages under section 558 are subject to the one-year limitations period for civil penalties. *See Thurman v. Bayshore Transit Mgmt., Inc.*, 203 Cal. App. 4th 1112, 1147 (2012) ("We agree with the *Yadira* court that the entire remedy provided by section 558, including the recovery of underpaid wages, is a civil penalty . . . ."); *Yadira v. Fernandez*, No. C-08-05721 RMW, 2011 WL 4101266, at *3 (N.D. Cal. Sept. 8, 2011) (same); Cal. Code Civ. Proc. § 340 (one-year limitations period for [a]n action upon a statute for a penalty"). Defendant does not appear to dispute this, but rather argues that the Court must consider three years-worth of unpaid wages because that is what Plaintiff requested in his complaint. However, it is well-established that Plaintiff's allegations do not control where, as here, "it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997). Defendant also notes that for the purposes of premium pay, Plaintiff allegedly missed six meal periods and six rest periods per week rather than the five meal and rest periods Plaintiff assumes in his Motion. The Court agrees with Defendant on this issue. Thus, while the Court therefore adopts Plaintiff's calculation as to overtime pay, it concludes that the premium pay to which Plaintiff is entitled is $5,376.00.

### B. Labor Code Section 226

As Plaintiff notes, penalties under this section apply to seasonal labor only. *See*

---

[4] All statutory references are to the California Labor Code unless otherwise noted.
[5] And because Plaintiff was employed by Defendant only until June 6, 2016, only 32 weeks of work time are at issue (as opposed to 52 weeks). (Def. Opp'n at 8; Doss Decl. ¶ 4, ECF No. 1-4.)

*Culley v. Lincare Inc.*, No. 215CV00081MCECMK, 2017 WL 698273, at *5 (E.D. Cal. Feb. 21, 2017). "'[S]easonal labor' means all labor performed by any person hired in this State to perform services outside of this State for a period greater than one month . . . ." Cal. Lab. Code § 250. While Plaintiff requests penalties under this section, nowhere does he allege that he performed any work that fits within the definition of "seasonal labor." Indeed, Plaintiff specifically states that his location of employment was Sylmar, California, not out-of-state. (Compl. ¶ 13.) The burden is therefore on Defendant to show that penalties under section 250 would apply (i.e., that Plaintiff in fact performed services out-of-state for more than one month), which it has not done. *See Matheson*, 319 F.3d at 1090. Rather, Defendant again argues that the Court must consider penalties under this section simply because Plaintiff requested them in the complaint. However, absent any allegation (or evidence) that even plausibly suggests that he performed "seasonal labor," the Court is not required to accept Plaintiff's legal conclusion that he is entitled to a penalty that applies only to seasonal laborers. *Cf. Singer*, 116 F.3d at 375.

### C. Labor Code Section 226.3

Plaintiff asserts that Defendant overestimates the penalties to which he is entitled under this section. Under section 226.3, an employee is entitled to penalties "for only two of the violations listed under section 226(a)-failure to provide a wage statement and failure to keep records." *York v. Starbucks Corp.*, No. CV 08-07919 GAF PJWX, 2012 WL 10890355, at *8 (C.D. Cal. Nov. 1, 2012); *see also Pelton v. Panda Rest. Grp., Inc.*, No. CV 10-8458 MANX, 2011 WL 1743268, at *6 (C.D. Cal. May 3, 2011). Plaintiff argues that he is alleging only that the wage statements Defendant provided were inaccurate, not that Defendant wholly failed to provide wage statements or that it failed to keep the required wage records. Thus, Plaintiff argues, he is only entitled to the "fallback" penalty under section 2699(f). Defendant does not appear to dispute this (although it nevertheless continues to insist that Plaintiff is entitled to the enhanced penalties), and the complaint appears to support Plaintiff's

assertion. (Compl. ¶ 74 (noting that Plaintiff was provided the option of viewing the statements online).) The Court therefore adopts Plaintiff's calculation.

### D. Labor Code Sections 1194 and 1198

Although Plaintiff requests in his complaint a fallback penalty for violations of sections 1194 and 1198, he now argues that he is actually not entitled to those penalties. Defendant contends, however, that Plaintiff is entitled to such penalties. Defendant argues that Plaintiff alleges that Defendant failed to pay straight-time wages for all hours worked, and that a fallback penalty is available under both sections 1194 and 1198 for this alleged violation. The Court does not find Defendant's position persuasive.

Section 2699 establishes a fallback penalty for the violation of "all provisions of [the Labor Code] except those for which a civil penalty is specifically provided." Cal. Lab. Code § 2699(f). Section 1194 provides in relevant part as follows: "[A]ny employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Cal. Lab. Code § 1194(a). Section 1198 provides as follows: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Cal. Lab. Code § 1198.

The Court is not convinced that a fallback penalty for violating section 1194 is available at all—let alone based on a failure to pay straight-time wages. First, as Plaintiff notes, section 1194 does not contain a requirement or prohibition; it simply provides a cause of action and a remedy for failure to pay the minimum wage or overtime wages. Thus, it is not clear that a failure to pay either the minimum wage or overtime wages is a "violation" of this section that would entitle the employee to a

fallback penalty. Moreover, as both parties agree, a penalty is separately available for the two labor violations that section 1194 alludes to—unpaid minimum wages (section 558) and unpaid overtime wages (section 1197.1)—thus precluding application of the fallback penalty. Defendant nonetheless argues that because the Labor Code does not provide a separate penalty for straight-time wages, a fallback penalty is available under section 1194. However, section 1194 does not relate to unpaid straight-time wages. In sum, the Court concludes that Plaintiff is not entitled to a fallback penalty under section 1194.

Second, while fallback penalties are available under section 1198 for certain violations, *see Bright v. 99cents Only Stores*, 189 Cal. App. 4th 1472, 1481 (2010), Defendant does not show that the underlying violations here entitle Plaintiff to a fallback penalty under this section. Defendant again suggests that a fallback penalty for violating section 1198 is available because Defendant allegedly failed to pay Plaintiff straight-time wages. But it is not clear that section 1198 relates to straight-time wages; rather, that section relates to "[t]he maximum hours of work and the standard conditions of labor fixed by the commission." § 1198. If there is a Wage Order concerning the payment of straight-time wages, Defendant does not identify it. Defendant has therefore not met its burden of showing that a fallback penalty is recoverable under section 1198 (and thus should be credited toward the amount in controversy).

### E. Labor Code Sections 210 and 225.5

Section 210 provides a specific penalty for violations of, *inter alia*, section 204. Section 204 specifies the frequency with which an employer must pay wages (generally on a semi-monthly basis). Section 225.5 also provides a specific penalty for violations of, *inter alia*, section 223. Section 223 prohibits employers from "secretly pay[ing] a lower wage while purporting to pay the wage designated by statute or by contract." Sections 210 and 225.5 use an identical formula for determining their respective penalties: "(a) For any initial violation, one hundred

dollars ($100) for each failure to pay each employee. (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld." Cal. Lab. Code §§ 210(a)–(b), 225.5(a)–(b).

Defendant argues that because Plaintiff alleges multiple underlying violations, the Court must apply a $100 penalty for the first violation and a $200 penalty for every subsequent violation. As Plaintiff points out, however, the $200 penalty applies only after the employer is put on notice that its conduct violates the relevant statute; the bare fact that a prior violation has allegedly occurred is insufficient to trigger the "subsequent violation" penalty. *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1209 (2008). Because Defendant does not establish at what point (if any) it was provided notice that its conduct violated the relevant statute, Defendant has not shown that the $200 penalty applies. The federal district court cases Defendant cites do not persuade the Court that the California Supreme Court would decide the issue differently than the California Court of Appeal. *See Teleflex Med. Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 851 F.3d 976, 982 (9th Cir. 2017) (on questions of state law, "where there is no convincing evidence that the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts").

Defendant alternatively suggests that Plaintiff's allegations show that every violation was "willful or intentional," thus warranting a $200 penalty. Defendant points to the allegations in paragraphs 64 and 101 to support this. Paragraph 64 relates to working off the clock, while paragraph 101 relates to the payment of final wages. However, it is not clear how either paragraph relates to the payment of semimonthly wages (as opposed to final wages) or the secret paying of lower wages.[6]

---

[6] Even if the Court agreed that working off the clock was related to the "secret[] pay[ing of] a lower wage while purporting to pay the wage designated by statute or by contract" and thus entitling Plaintiff to the higher penalty, § 223, that would only increase the amount in controversy by $3,200, and thus would not push the total amount in controversy to more than $75,000.

Thus, the Court concludes that Defendant has not shown that the higher penalty applies.

## IV. CONCLUSION

Because Defendant has not shown that the amount in controversy exceeds $75,000, the Court lacks diversity jurisdiction over this matter. The Court therefore **GRANTS** Plaintiff's Motion, and **REMANDS** this case to the Los Angeles Superior Court, Case No. BC 649403. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

May 16, 2017

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE